UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| TAP VENTURES, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. _____ |
| vs. | ) |
| | ) |
| PRICE STREET PARTNERS, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Tap Ventures, LLC d/b/a Chatham Tap ("Plaintiff"), by counsel, for its Complaint against Price Street Partners, Inc. d/b/a Chatham Tap Room ("Defendant"), states as follows:

## INTRODUCTION

1.   This is an action at law and in equity for trademark infringement and dilution, unfair competition, and deceptive trade practices arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.* (the "Lanham Act"), and common law.

## THE PARTIES

2.   Plaintiff is an Indiana limited liability company with its principal place of business at 719 Massachusetts Avenue, Indianapolis, Indiana 46204.

3.   Upon information and belief, Defendant is an Illinois for-profit corporation with its principal place of business at 2815 S. Price Avenue, Springfield, Illinois 62704.

## JURISDICTION AND VENUE

4.   This Court has subject matter jurisdiction over this matter pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338, since this action arises in part under the Lanham Act,

15 U.S.C. § 1125. This Court has supplemental jurisdiction over the related state law claims under 28 U.S.C. § 1367.

5. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 in that Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6. This Court has personal jurisdiction over Defendant because it does business in this judicial district, has committed statutory torts within this judicial district, and/or has sufficient contacts to subject it to personal jurisdiction in this judicial district.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and/or a substantial part of the events giving rise to the claim incurred in this district.

## ALLEGATIONS COMMON TO ALL COUNTS

### Background on Plaintiff and CHATHAM TAP Mark

8. Plaintiff is an Indiana-based provider of bar and restaurant services.

9. Since 2007, Plaintiff has operated a bar and restaurant called Chatham Tap in Indianapolis, Indiana.

10. Since 2011, Plaintiff has operated a second bar and restaurant called Chatham Tap in Fishers, Indiana.

11. Plaintiff owns U.S. Trademark Registration No. 3973504 for the trademark CHATHAM TAP which was registered by the U.S. Patent and Trademark Office in 2011 for "Bar and restaurant services" in International Class 043. A true and accurate copy of the registration is attached as Exhibit 1.

12.     Plaintiff owns U.S. Trademark Registration No. 3965993 for the trademark CHATHAM TAP which was registered by the U.S. Patent and Trademark Office in 2011 for "Apparel, namely, Shirts, Scarves, Hats and Caps" in International Class 025. A true and accurate copy of the registration is attached as Exhibit 2.

13.     Plaintiff owns U.S. Trademark Registration No. 3973507 for the trademark CHATHAM TAP RESTAURANT & PUB (design) which was registered by the U.S. Patent and Trademark Office in 2011 for "Bar and restaurant services" in International Class 043. A true and accurate copy of the registration is attached as Exhibit 3.

14.     Plaintiff owns U.S. Trademark Registration No. 3965995 for the trademark CHATHAM TAP RESTAURANT & PUB (design) which was registered by the U.S. Patent and Trademark Office in 2011 for "Apparel, namely, Shirts, Scarves, Hats and Caps" in International Class 025. A true and accurate copy of the registration is attached as Exhibit 4.

15.     Plaintiff has continually used the CHATHAM TAP and CHATHAM TAP RESTAURANT & PUB (design) trademarks (the "Chatham Tap Marks") since at least 2007 to identify its bar and restaurant services, and to distinguish them from services of other bars and restaurants.

16.     Plaintiff has continually used the Chatham Tap Marks since at least 2007 to identify its apparel, and to distinguish them from the apparel of other bars and restaurants.

17.     Registration of the Chatham Tap Marks constitutes prima facie evidence of the validity of the trademarks, Plaintiff's ownership thereof, and Plaintiff's exclusive right to use the trademarks nationwide.

18.     On June 21, 2017, the U.S. Patent and Trademark Office issued a Notice of Acceptance under Section 8 of the Trademark Act, 15 U.S.C. § 1058(a)(1) and Section 15 of the

3

Trademark Act, 15 U.S.C. § 1065 for CHATHAM TAP, U.S. Trademark Registration No. 3973504. See Exhibit 5. Accordingly, Plaintiff's rights in the trademark were deemed "Incontestable" under Section 15 of the Trademark Act, 15 U.S.C. § 1065.

19. On June 23, 2017, the U.S. Patent and Trademark Office issued a Notice of Acceptance under Section 8 of the Trademark Act, 15 U.S.C. § 1058(a)(1) and Section 15 of the Trademark Act, 15 U.S.C. § 1065 for CHATHAM TAP, U.S. Trademark Registration No. 3965993. See Exhibit 6. Accordingly, Plaintiff's rights in the trademark were deemed "Incontestable" under Section 15 of the Trademark Act, 15 U.S.C. § 1065.

20. On July 11, 2017, the U.S. Patent and Trademark Office issued a Notice of Acceptance under Section 8 of the Trademark Act, 15 U.S.C. § 1058(a)(1) and Section 15 of the Trademark Act, 15 U.S.C. § 1065 for CHATHAM TAP RESTAURANT & PUB (design), U.S. Trademark Registration No. 3973507. See Exhibit 7. Accordingly, Plaintiff's rights in the trademark were deemed "Incontestable" under Section 15 of the Trademark Act, 15 U.S.C. § 1065.

21. On July 11, 2017, the U.S. Patent and Trademark Office issued a Notice of Acceptance under Section 8 of the Trademark Act, 15 U.S.C. § 1058(a)(1) and Section 15 of the Trademark Act, 15 U.S.C. § 1065 for CHATHAM TAP RESTAURANT & PUB (design), U.S. Trademark Registration No. 3965995. See Exhibit 8. Accordingly, Plaintiff's rights in the trademark were deemed "Incontestable" under Section 15 of the Trademark Act, 15 U.S.C. § 1065.

22. The Chatham Tap Marks remain active, valid and enforceable.

23. Plaintiff has developed common law trademark rights in the Chatham Tap Marks through its continuous use of the Chatham Tap Marks since at least 2007.

24. Plaintiff has invested significant funds in advertising to promote the Chatham Tap Marks. As part of its brand investment, Plaintiff advertises its goods and services through traditional advertising, promotional goods, social media, press releases, through its website and through other advertising activities.

25. As a result of its investment, the Chatham Tap Marks have developed substantial public recognition and goodwill.

26. In 2014, the popular national publication USA Today included the Chatham Tap Indianapolis location in its list of the "10 best sports bar across the USA." See Exhibit 9.

27. In 2014, the popular national publication GQ included the Chatham Tap Indianapolis location in its national World Cup Soccer Guide, along with four other bars from New York City, Chicago, Atlanta and San Diego. See Exhibit 10.

28. In 2017, Chatham Tap was included by the popular national publication Esquire in its "The Best Wing Spot In Every State" feature for having the best chicken wings in Indiana. See Exhibit 11.

### Defendant's Infringing Activities

29. Upon information and belief, Defendant is the owner of a bar named "Chatham Tap Room," which sells a variety of craft beers.

30. Upon information and belief, Chatham Tap Room was opened on June 10, 2016. See Exhibit 12.

31. Chatham Tap Room is marketed toward enthusiasts of sports and beer, and uses its beer selection as a marketing and branding tool.

32. Chatham Tap Room is marketed using the term "Chatham Tap Room" and a circular design (the "Defendant Marks"). See Exhibit 13.

33. Defendant advertises through social media promoting and marketing the craft beers it has on tap. See <u>Exhibit 14</u>.

34. Upon information and belief, the Defendant Marks appear on apparel, including at least t-shirts. See <u>Exhibit 15</u>.

35. Plaintiff has no connection or affiliation with Defendant and has not consented to or authorized any aspect of the use of the Chatham Tap Marks, or any confusingly similar marks.

36. Upon information and belief, Defendant has offered for sale, distributed, advertised, and promoted the sale of bar services using trademarks confusingly similar to the Chatham Tap Marks.

37. Because Defendant is using confusingly similar trademarks to the Chatham Tap Marks, Defendant thereby uses in commerce a reproduction, counterfeit, copy, or colorable imitation of Plaintiff's registered trademarks without the consent of Plaintiff.

38. Defendant's continuing use of confusingly similar trademarks in connection with the provision of bar services and apparel is likely to cause confusion and mistake and to deceive consumers. Defendant's infringement will create the false and misleading impression that Defendant's services are affiliated, connected, or associated with Plaintiff, or have the sponsorship, endorsement or approval of Plaintiff.

39. Plaintiff has demanded that Defendant cease and desist from using the Chatham Tap Marks or any confusingly similar variation, but Defendant has failed and refused and continues to fail and refrain from using the Chatham Tap Marks or any confusingly similar variation.

40. By the acts complained of in this action, Defendant has infringed on the Chatham Tap Marks, engaged in unfair and deceptive practices, and deliberately traded on Plaintiff's goodwill and reputation, to the irreparable injury and damage of Plaintiff.

41. Plaintiff has no adequate remedy at law.

42. Due to Defendant's act, Defendant has been unjustly enriched, and Plaintiff is entitled to an accounting for all of Defendant's profits derived from infringing sales.

43. Defendant should be permanently enjoined from using the Defendant Marks, or any other confusingly similar variation of the Chatham Tap Marks, in connection with the provision of bar services or sale of apparel. In addition, Defendant is liable for damages caused by its infringements.

44. Due to Defendant's acts, Plaintiff has suffered and is likely to suffer substantial actual damages for injury to its goodwill and reputation, dilution of the distinctive quality of its Chatham Tap Marks, and injury to its relationships with its customers.

45. Defendant's actions have caused and will continue to cause irreparable injury to Plaintiff.

## COUNT I

### Federal Trademark Infringement

46. Plaintiff incorporates the preceding paragraphs as if fully set forth in this paragraph.

47. Defendant has used marks which are confusingly similar to Plaintiff's federally registered trademarks in violation of 15 U.S.C. § 1114, and Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to Plaintiff's goodwill and reputation

as symbolized by the federally registered Chatham Tap Marks, for which Plaintiff has no adequate remedy at law.

48. Defendant's use of the Defendant Marks in commerce infringes Plaintiff's exclusive rights in its federally registered Chatham Tap Marks in connection with bar and restaurant services and apparel in violation of 15 U.S.C. § 1114(1).

49. Defendant has caused and is likely to continue causing substantial injury to the public and to Plaintiff, and Plaintiff is entitled to preliminary and permanent injunctive relief under 15 U.S.C. § 1116.

50. Due to Defendant's acts, Plaintiff is entitled to recover Defendant's profits or such sum as the Court shall find to be just, damages sustained by Plaintiff, and the costs of this actions, as well as a sum in excess of Plaintiff's actual damages not exceeding three times such amount, and attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT II

### Federal Unfair Competition – False Designation of Origin

51. Plaintiff incorporates the preceding paragraphs as if fully set forth in this paragraph.

52. Defendant's use of Defendant Marks in commerce constitute a false designation of origin, false description, and false representation that Defendant and its bar services and apparel are sponsored by, authorized by, or affiliated with Plaintiff. Defendant's acts are calculated and likely to cause confusion or mistake and deceive consumers as to the true origin, source, sponsorship or affiliation of Defendant's bar services and apparel, in violation of 15 U.S.C. § 1125(a).

53. Defendant's use of the Defendant Marks are likely to cause confusion, deception and mistake by creating the false and misleading impression that Defendant's goods and services are manufactured or distributed by Plaintiff, or are affiliated, connected, or associated with Plaintiff, have the sponsorship, endorsement, or approval of Plaintiff.

54. Defendant has made false representations, false descriptions, and false designations of origin of its good and services in violation of 15 U.S.C. § 1125(a), and Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to Plaintiff's goodwill and reputation as symbolized by the Chatham Tap Marks, for which Plaintiff has no adequate remedy at law.

55. Defendant's actions demonstrate an intentional and willful intent to trade on the goodwill associated with the Chatham Tap Marks, all to the irreparable injury of Plaintiff.

56. Defendant has caused and is likely to continue causing substantial injury to the public and to Plaintiff, and Plaintiff is entitled to preliminary and permanent injunctive relief under 15 U.S.C. § 1116.

57. Due to Defendant's acts, Plaintiff is entitled to recover Defendant's profits or such sum as the Court shall find to be just, damages sustained by Plaintiff, and the costs of this action, as well as a sum in excess of Plaintiff's actual damages not exceeding three times such amount, and attorneys' fees pursuant to 15 U.S.C. § 1117.

## **COUNT III**

### **Federal Dilution**

58. Plaintiff incorporates the preceding paragraphs as if fully set forth in this paragraph.

59. Plaintiff has extensively and continuously promoted and used the Chatham Tap Marks to identify and promote its goods and services and the company itself.

60. The Chatham Tap Marks have become a famous and well-known symbol of Plaintiff and its goods and services.

61. Defendant is making commercial use in commerce of marks that dilute and are likely to dilute the distinctiveness of the Chatham Tap Marks by eroding the public's exclusive identification of the Chatham Tap Marks with Plaintiff, and otherwise lessening the capacity of the Chatham Tap Marks to identify and distinguish the products and services of Plaintiff.

62. Defendant's actions have caused and will continue to cause irreparable injury to Plaintiff's goodwill and dilution of the distinctiveness and value of the Chatham Tap Marks in violation of 15 U.S.C. § 1125(c).

## COUNT IV

**Violation of Illinois Deceptive Trade Practices Act, 815 ILCS 510/2**

63. Plaintiff incorporates the preceding paragraphs as if fully set forth in this paragraph.

64. Defendant's acts, practices and conduct constitute deceptive trade practices, in violation of Illinois Deceptive Trade Practices Act Section 510/2, in that the Defendant's conduct is likely to (a) cause likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services; and/or (b) cause likelihood of confusion as to affiliation, connection, or association with or certification by Plaintiff.

65. Defendant has unlawfully and wrongfully derived and, unless enjoined, will continue to derive, income and profits from its wrongful conduct.

66. Plaintiff has been and is likely to be damaged by Defendant's wrongful conduct.

## COUNT V

**Common Law Trademark Infringement and Unfair Competition under Illinois Law**

67. Plaintiff incorporates the preceding paragraphs as if fully set forth in this paragraph.

68. Defendant's acts, practices, and conduct, as alleged herein, constitute common law trademark infringement and unfair competition under the laws of the State of Illinois, in that Defendant has caused and continues to cause a likelihood of confusion, mistake, or misunderstanding as to the source or origin of bar services and apparel under the Chatham Tap Marks or confusingly similar variations thereof.

69. As a direct and proximate result of Defendant's unfair competition and/or infringement, Plaintiff has been and is likely to be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits and diminished goodwill.

70. Defendant has unlawfully and wrongly derived and, unless enjoined, will continue to derive, income and profits from its infringing and unfair conduct.

71. Plaintiff is entitled to recover actual and punitive damages for Defendant's infringing conduct and unfair competition.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment and relief as follows:

1. Defendant, its agents, servants, employees and attorneys, and all other persons in active consent or participation with them, be permanently enjoined from:

    a. using the name CHATHAM TAP ROOM, or any other name containing the term CHATHAM TAP or other terms that are confusingly similar to the Chatham Tap Marks, in connection with bar and restaurant services or apparel;

    b. using any trademark or trade name or doing any acts or things likely to induce the belief on the part of the public that Defendant or the Chatham Tap Room are in any way affiliated, connected, or associated with Plaintiff or are sponsored or approved by Plaintiff;

    c. otherwise unfairly competing with Plaintiff in any manner; and

    d. assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (c), above.

2. That Defendant be required to pay Plaintiff such damages as Plaintiff has sustained as a result of the infringement of the Chatham Tap Marks and Defendant's unfair competition and deceptive trade practices, that such damages be trebled, that Defendant account for and pay over to Plaintiff all gains, profits, and advantages derived by Defendant resulting from the infringement, unfair competition and deceptive trade practices, and that such recovery based on profits be increased as the Court finds just.

3. That Defendant be required to file with the Court and to serve upon Plaintiff's counsel within ten days after entry of any injunction or order issued in this action, a written report, under oath, setting forth in detail the manner in which Defendant has complied with such injunction or order.

4. That Defendant pay Plaintiff its costs and disbursements in bringing this action, including its reasonable attorneys' fees.

5. That Plaintiff be awarded pre-judgment interest on all damages and/or profits awarded by the Court.

6. That Plaintiff receive such other and further relief as this Court deems just and proper.

September 25, 2017

> Respectfully submitted,
>
> s/*Kenan L. Farrell*
> Kenan L. Farrell
> KLF Legal
> 451 N. New Jersey Street
> Indianapolis, Indiana 46204
> (317) 808-0000
> kfarrell@klflegal.com
> **Counsel for Plaintiff, Tap Ventures, LLC**

## VERIFICATION

Daniel Jones, Managing Member of Tap Ventures, LLC, being of age and duly sworn, declares under penalty of perjury as follows: (1) that he is the Managing Member of Tap Ventures, LLC; (2) that he has read the foregoing Complaint; and (3) that factual allegations in the Complaint are true to the best of his knowledge, information, and belief.

DEVIN JOSEPH HAYES
Notary Public
State of Indiana
My Commission Expires
April 18, 2025

TAP VENTURES, LLC

By: Daniel Jones
Its: Member

STATE OF INDIANA        )
                        ) ss
COUNTY OF MARION        )

Subscribed, sworn to, and acknowledged before me by Daniel Jones, as Managing Member of Tap Ventures, LLC this 19 day of September, 2017.

Witness my hand and official seal.

Notary Public

My commission expires: April 18, 2025